UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

BRIAN D. LEWIS AND STEPHANIE LEWIS,

Plaintiffs,

v.  4:14-cv-27

AXENS NORTH AMERICA, INC., BASF CATALYSTS, LLC, BASF CORPORATION, and NATIONAL BULK EQUIPMENT,

Defendants.

## ORDER

### I. INTRODUCTION

Before the Court are Motions for Summary Judgment filed by both BASF Catalysts, LLC ("BASF Catalysts"), and BASF Corporation ("BASF Corp."). ECF Nos. 41, 44. For the reasons set forth below, the Court **GRANTS** both motions.

### II. BACKGROUND

BASF Catalysts owned real property in Savannah. ECF No. 53 at 4. BASF Corp. operated a plant on that property, *id.* at 4-5, and it contracted with Axens North America, Inc. ("Axens"), to manufacture alumina gel at the plant, ECF No. 39-1 at 2-14. BASF Corp. separately contracted with Austin Maintenance & Construction, Inc. ("Austin"), to provide the labor, services, materials, and transportation necessary to fulfill BASF Corp.'s contract with Axens. ECF No. 39-1 at 35-68. Austin also agreed to purchase and maintain workers' compensation insurance. *Id.* at 53.

On November 4, 2011, Brian Lewis was employed by Austin. ECF No. 53 at 6. He was not employed by BASF Catalysts, BASF Corp., or Axens. *Id.* While operating a newly installed bagging machine, Lewis was injured when a bag of alumina gel fell on him. *Id.* at 9.

After his injury, Lewis received workers' compensation. ECF No. 41-4 at 3-6. He received this benefit from an insurance company because he was employed by Austin. *Id.* at 5.

### III. STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on summary judgment, the Court views the facts and inferences from the record in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Reese v. Herbert*, 527 F.3d 1253, 1271 (11th Cir. 2008). Courts, moreover, may consider all materials in the record, not just those cited by the parties. Fed. R. Civ. P. 56(c)(3).

Because the jurisdiction of this case is based upon diversity, the Court applies the substantive law of Georgia. *See, e.g., Horowitch v. Diamond Aircraft Indus., Inc.*, 645 F.3d 1254, 1257 (11th Cir. 2011).

### IV. BASF CORP.'S MOTION FOR SUMMARY JUDGMENT

BASF Corp. argues that summary judgment is appropriate because it is entitled

to immunity as Lewis's statutory employer. ECF No. 43 at 2. The Court agrees.

The Workers' Compensation Act ("The Act") provides a framework for the relief of injured Georgia workers. *See* O.C.G.A. § 34-9-1 et seq. Because the Act provides relief, it bars tort actions against an injured worker's employer. O.C.G.A. § 34-9-11(a) ("The rights and remedies granted to an employee by this chapter shall exclude all other rights and remedies of such employee . . . ."). The Act bars tort actions even when the injury results from an employer's intentional misconduct. *Kellogg Co. v. Pinkston*, 558 S.E.2d 423, 424 (Ga. Ct. App. 2001). Acceptance of workers' compensation benefits triggers this immunity "because such benefits are provided by an employer to the employee." *Kaplan v. Pulte Home Corp.*, 537 S.E.2d 727, 729 (Ga. Ct. App. 2000) (citing *Mann v. Workman*, 351 S.E.2d 680 (Ga. Ct. App. 1986)).

Under the Act, "[a] principal, intermediate, or subcontractor shall be liable for compensation to any employee injured while in the employ of any of his subcontractors engaged upon the subject matter of the contract to the same extent as the immediate employer." O.C.G.A. § 34-9-8(a). This provision "makes principal or intermediate contractors secondarily liable for workers' compensation benefits for injured employees of a subcontractor." *Carr v. FedEx Ground Package Sys., Inc.*, 733 S.E.2d 1, 3 (Ga. Ct. App. 2012). This doctrine—the statutory employer doctrine— "permits liability for workers' compensation benefits to attach vicariously against someone other than an injured employee's employer. In return, the vicariously liable party is immune from tort liability for the injury suffered." *Manning v. Ga. Power Co.*, 314 S.E.2d 432, 433 (Ga. 1984). "The quid pro quo for the statutory employer's potential liability is immunity from tort liability." *Wright Assocs., Inc. v. Rieder*, 277 S.E.2d 41, 44 (Ga. 1981). A statutory employer need not actually pay workers' compensation benefits, but it must be *liable* to pay such benefits. *See Vratsinas Constr. Co. v. Chitwood*, 723 S.E.2d 740, 742-43 (Ga. Ct. App. 2012). An owner or entity merely in possession of the premises can be classified as statutory employer "only in the isolated situation where he also serves as a contractor for yet another entity and hires another contractor to perform the work on the premises." *Yoho v. Ringier of Am., Inc.*, 434 S.E.2d 57, 59 (Ga. 1993) (alteration, emphasis, and internal quotation marks omitted).

Here, BASF Corp. is a statutory employer. Although it operates the plant, BASF Corp. also serves as a contractor for another entity—Axens—and hires a second contractor—Austin—to perform the work at the plant. As Lewis acknowledges in his brief, BASF Corp. was responsible to provide services to Axens at the time of his accident. ECF No. 57 at 12. Therefore, under the Georgia Supreme Court's reasoning in *Yoho*, BASF is a statutory employer under the Act.

BASF Corp. has not actually paid any workers' compensation benefits to Lewis, but this is irrelevant to whether it deserves immunity. Lewis has received benefits already. ECF No. 41-4 at 3-6. So long as BASF Corp. is *potentially* liable for such

2

payments, it is entitled to immunity from tort action, *see Vratsinas Constr. Co.* 723 S.E.2d at 743, and BASF Corp.'s status as a contractor under O.C.G.A. § 34-9-8(a) it potentially liable.

Because BASF Corp. meets the requirements to be considered a statutory employer under Georgia law, it qualifies for immunity from tort actions. *See Carr*, 733 S.E.2d at 3. Each of the claims that Lewis has brought against BASF Corp. are tort claims. *See* ECF No. 1-1 at 5-8. Therefore, summary judgment in favor of BASF Corp. is appropriate.

## V. BASF CATALYSTS'S MOTION FOR SUMMARY JUDGMENT

BASF Catalysts argues that summary judgment is appropriate because it owed no duty to Lewis. ECF No. 46 at 8. The Court agrees.

BASF Catalysts owns the real property on which BASF Corp. operates a plant. ECF No. 53 at 4-5. But ownership of real property does not automatically confer liability. *Hous. Auth. of Atlanta v. Famble*, 317 S.E.2d 853, 862 (Ga. Ct. App. 1984). Rather, "[i]t must appear that the injury resulted from a breach of some duty owed by the defendant to the injured party." *Id.* (citing *Slaughter v. Slaughter*, 177 S.E.2d 119, 121 (Ga. Ct. App. 1970)).

Generally, an owner of real property owes a duty of care to invitees. *See* O.C.G.A. § 51-3-1. But a landlord who has "fully parted with possession and the right of possession" is not responsible for injuries caused by the negligence of the tenant. O.C.G.A. § 44-7-14. "[A] landlord who relinquishes possession of the premises cannot be liable to third parties for damages arising from the negligence of the tenant." *Colquitt v. Rowland*, 463 S.E.2d 491, 492 (Ga. 1995) (interpreting O.C.G.A. § 44-7-14). Instead, liability depends upon control of the property, not ownership. *Dixon v. Infinity Broad. E., Inc.*, 656 S.E.2d 211, 213 (Ga. Ct. App. 2007); *see also Hodge v. United States*, 310 F. Supp. 1090, 1098 (M.D. Ga. 1969) *aff'd*, 424 F.2d 545 (5th Cir. 1970) ("Georgia law recognizes that a landowner can relinquish control over a portion of his premises and is thereafter relieved of the duties [to invitees].").

Here, the relationship between BASF Catalysts and BASF Corp. is analogous to a landlord-tenant relationship. BASF Catalysts owns the real property, while BASF Corp. occupies it and operates the plant. ECF No. 53 at 4-5. Therefore, BASF Catalysts cannot be liable to Lewis as a third party for BASF Corp.'s negligence. *See* O.C.G.A. § 44-7-14; *see also Fraley ex rel. Fraley v. Lake Winnepesaukah, Inc.*, 631 F. Supp. 160, 161-62 (N.D. Ga. 1986) (finding that a lessor who had "fully parted with possession" of the premises was not liable for the alleged negligence of the tenant).

That the two parties did not memorialize their agreement in a lease does not mean that their relationship cannot be described as a landlord-tenant relationship. *See* O.C.G.A. § 44-7-1(a) ("The relationship of landlord and tenant is created when the owner of real estate grants to another person, who accepts such grant, the right simply to possess and enjoy the use of such real estate."). There is no indication that BASF Corp. paid BASF Catalysts for the use of the real property, but rent is not essential to the creation of a

3

landlord-tenant relationship. *See S.S. Air, Inc. v. City of Vidalia*, 628 S.E.2d 117, 119 (Ga. Ct. App. 2006). BASF Catalysts has surrendered the control of the real property to BASF Corp., who operates the plant on that site. ECF No. 53 at 4-5. Therefore, just as a landlord cannot be responsible for the negligent acts of a tenant, BASF Catalysts cannot be liable for the negligent acts of BASF Corp.

Lewis argues that BASF Catalysts retained a duty to inspect its real property for defects. ECF No. 54 at 2-3. But Lewis's injury was caused by a newly installed bagging machine, not by BASF Catalysts's property. *See* ECF No. 53 at 9. Even if BASF Catalysts did retain a duty to inspect the premises, that duty would not extend to the inspection of fixtures installed by other parties. *See Colquitt*, 463 S.E.2d at 492 (holding a landlord was not liable when an invitee sustained injury in a swimming pool installed by tenant).

The Court finds that BASF Catalysts did not violate any duty it owed to Lewis. Therefore, it cannot be liable in tort for his injuries, and summary judgment in favor of BASF Catalysts is appropriate.

## VI. CONCLUSION

The Court **GRANTS** summary judgment to BASF Corp. and also **GRANTS** summary judgment to BASF Catalysts. Because the other parties to this case were previously dismissed, *see* ECF Nos. 35, 40, the clerk is **DIRECTED** to close this case.

This 15 day of October 2014.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4